JOHN FAIRBANKS, Appellant, v. WILLIAM BEAR and
H. S. WOODHOUSE, Respondents.

No. 1213; November 18, 1856.

Mines and Minerals.—Mining Laws Introduced in Evidence are
to be construed by the court, and the question whether by virtue
of them a forfeiture has accrued is a question of law.

Pleading.—After a Finding Against the Plaintiff for lack of
jurisdiction of the court, the right remains in him to proceed in a
court that has jurisdiction, and pleadings framed so as to prejudice
this right are bad.

APPEAL from Mariposa County.

B. B. Harris and Wade & Flower for appellant; Alfred F.
Washburne for respondents.

HEYDENFELDT, J.—The first charge to the jury given
by the court was clearly erroneous. Mining laws, when in-
troduced in evidence, are to be construed by court, and the
question whether by virtue of such laws a forfeiture had
accrued is a question of law. It was therefore improper to
submit it to the determination of the jury. The third in-
struction asked by the defendants was also improperly al-
lowed. There was no issue under the pleadings which in-
volved the question of the jurisdiction of the court, and that
question ought, therefore, not to have been left to the jury.
As the pleadings stand, the verdict would operate as a com-
plete bar to any subsequent action by the plaintiff, whereas
if, upon proper pleadings, the finding against him was the

result of want of jurisdiction in the justice of the peace, he would still have his right of action in the district court.

For these reasons, the judgment is reversed and the cause remanded.

We concur: Murray, C. J.; Terry, J.